| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS MIDLAND/ODESSA DIVISION |

| | | |
|---|---|---|
| HEATH PEERY, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff(s)*, | § § | |
| v. | § § | No. _____ |
| SIDNEY K. IVEY d/b/a LUBRITECH and LUBRITECH PRODUCTS, | § § § § | |
| *Defendant(s)*. | § | |

## PLAINTIFF HEATH PEERY'S ORIGINAL COMPLAINT

Plaintiff Heath Peery (referred to as "Peery") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant Sidney K. Ivey d/b/a LubriTech and LubriTech Products (collectively referred to as "LubriTech") who were paid on a salary-plus-daily-rate basis without overtime during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. Peery's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. LubriTech violated the FLSA by employing Peery and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. LubriTech willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6. Peery brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of LubriTech who were paid on a salary and/or day-rate basis without overtime during the past three years.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because LubriTech resides in this district and division and a substantial part of the events or omissions giving rise to Peery's claim occurred in this district and division. 28 U.S.C. § 1391(b)(1), (2).

## III. Parties

9. Peery is an individual who resides in Denton County, Texas and who was employed by LubriTech during the last three years.

10. Sidney K. Ivey d/b/a LubriTech and LubriTech Products is an individual owner of an unincorporated business and may be served with process at:

> Sidney K. Ivey
> 1400 NCR 1110
> Midland, Texas 79706

Alternatively, Sidney K. Ivey d/b/a LubriTech and Lubritech Products may be served with process pursuant to the Tex. Civ. Prac. & Rem. Code § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

11. An allegation that LubriTech committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of LubriTech or was done in the normal course and scope of employment of LubriTech's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

12. LubriTech provides production and completion equipment, products, and chemicals to the oilfield industry. *See generally*, LubriTech—About Us, http://lubritechusa.com (last visited Oct. 26, 2020).

13. LubriTech does business in the territorial jurisdiction of this Court.

14. LubriTech employed Peery from August 2019 to October 2020.

15. LubriTech employed Peery as a coil tubing operator/team lead.

16. As a coil tubing operator/team lead, Peery was responsible for operating equipment for plug drill outs, sand clean outs, and coil fracking.

17. During Peery's employment with LubriTech, he was engaged in commerce or in the productions of goods for commerce.

18. During Peery's employment with LubriTech, the company had employees engaged in commerce or in the production of goods for commerce.

19. During Peery's employment with LubriTech, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20. During Peery's employment with LubriTech, the company had an annual gross volume of sales made or business done of at least $500,000.

21. LubriTech paid Peery on a salary-plus-daily-rate basis.

22. During Peery's employment with LubriTech, he regularly worked in excess of forty hours per week.

23. LubriTech knew or should have known that Peery worked in excess of forty hours per week.

24. LubriTech did not pay Peery for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

25. Instead, LubriTech paid Peery on a salary-plus-daily-rate basis without overtime.

26. Peery was not exempt from the maximum hour requirements of the FLSA.

27. As a coil tubing operator/team lead, Peery's primary duties were nonexempt.

28. As a coil tubing operator/team lead, Peery's primary duties did not include office or nonmanual work.

29. As a coil tubing operator/team lead, Peery's primary duties were not directly related to the management or general business operations of LubriTech or its customers.

30. As a coil tubing operator/team lead, Peery's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

31. As a coil tubing operator/team lead, Peery did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

32. As a coil tubing operator/team lead, Peery was, instead, required to follow LubriTech's policies, practices and procedures.

33. As a coil tubing operator/team lead, Peery did not have any independent authority to deviate from LubriTech's policies, practices and procedures.

34. LubriTech knew or should have known that Peery was not exempt from the maximum hour requirements of the FLSA.

35. LubriTech willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

36. During Peery's employment with LubriTech, the company did not maintain accurate time and pay records for Peery as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

37. During Peery's employment with LubriTech, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

38. LubriTech continued the pay practice(s) complained of by Peery without investigation after being put on notice that the pay practice(s) violated the FLSA.

39. LubriTech has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

40. Prior to this lawsuit, LubriTech conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Peery.

41. Because LubriTech willfully violated the FLSA, the company is liable to Peery for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

42. As a result of the FLSA violation(s) described above, LubriTech is liable to Peery for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

43. All employees paid on a salary-plus-daily-rate basis employed by LubriTech during the last three years are similarly situated to Peery because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from LubriTech under 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

44. Peery adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

45. During Peery's employment with LubriTech, he was a nonexempt employee.

46. As a nonexempt employee, LubriTech was legally obligated to pay Peery "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

47. LubriTech did not pay Peery "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

48. Instead, LubriTech paid Peery salary-plus-daily-rate basis without overtime.

49. If LubriTech classified Peery as exempt from the maximum hour requirements of the FLSA, he was misclassified.

50. As a result of the FLSA violation(s) described above, LubriTech is liable to Peery for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI. Count Two—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

51. Peery adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

52. LubriTech willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

53. During Peery's employment with LubriTech, the company did not maintain accurate time and pay records for Peery as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

54. Because LubriTech willfully violated the FLSA, the company is liable to Peery for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII.  Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

55. Peery adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

56. On information and belief, other employees of LubriTech have been victimized by the FLSA violation(s) described above.

57. These employees are similarly situated to Peery because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

58. LubriTech's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

59. Since Peery's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

60. For these reasons, Peery requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All employees employed by LubriTech during the last three years who worked more than forty hours in any one or more workweeks and who were paid a salary-plus-daily-rate without overtime.

61. LubriTech is liable to Peery and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

62. Peery has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on his behalf and on behalf of all other putative class members.

## VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

63. Peery adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

64. Peery is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

65. Peery is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

66. Peery has retained the professional services of the undersigned attorneys.

67. Peery has complied with the conditions precedent to recovering attorney's fees and costs.

68. Peery has incurred or may incur attorney's fees and costs in bringing this lawsuit.

69. The attorney's fees and costs incurred or that may be incurred by Peery were or are reasonable and necessary.

70. LubriTech is liable to Peery and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX. Relief Sought

71. Peery demands the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b. an incentive award for Peery for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

    c. judgment against LubriTech in Peery's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

    d. all other relief and sums that may be adjudged against LubriTech in Peery's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
State Bar No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
State Bar No. 24107417
renu@mooreandassociates.net